IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDDREON BRISTER                                           PETITIONER

VS.                                    CIVIL ACTION NO. 2:22-cv-28-TBM-FKB

COMMISSIONER BURL CAIN,
et al.                                                    RESPONDENT

## REPORT AND RECOMMENDATION

Eddreon Brister entered a plea of guilty in the Circuit Court of Forrest County,

Mississippi, to second-degree murder.  By order entered February 27, 2014, he was

sentenced to a term of 25 years, with 10 years suspended.  He now brings this petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his guilty plea.

Respondent has filed a motion to dismiss the petition as untimely. [9].  Brister has filed

no response to the motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. §

2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d). Brister's conviction became final on May 28, 2014, the day his

90-day period for seeking direct review by the United States Supreme Court expired.

*See Wallace v. Mississippi*, 43 F. 4th 482 (5th Cir. 2022). His one-year limitations period

began to run that day. He had one year from that date, or until May 28, 2015, in which

to file for federal habeas relief, subject to tolling for any period during which a properly-

filed motion for post-conviction relief (PCR) was pending in the state court. Brister filed

no state PCR motion prior to May 28, 2015. Thus, his one-year limitations period ran on

that date.[1] Brister did not file his federal habeas petition until March 1, 2022.[2]

Brister's petition is untimely, and he has failed to establish or allege any basis for

tolling or any other exception to AEDPA's limitations period. For these reasons, the

undersigned recommends that the motion to dismiss be granted and that the petition be

dismissed with prejudice.

---

[1] Respondents point out that Brister has never filed a PCR motion regarding his guilty plea. Thus, an alternative basis for dismissal is that his claim was never properly exhausted and is now procedurally barred. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Brister did not sign his petition; however, it was postmarked on March 1, 2022.

2

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 15th day of September, 2022.

s/ F. Keith Ball_____
United States Magistrate Judge

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).